IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| ROYAL INDEMNITY COMPANY, as successor in interest to ROYAL INSURANCE COMPANY OF AMERICA, a Delaware Corporation,<br><br>      Plaintiff,<br><br>   v.<br><br>RUPERT M. COLMORE, III, a/k/a RUPERT M. COLMORE, a/k/a RUPERT COLMORE; EUNICE R. COLMORE; COLMORE MANAGEMENT COMPANY, LLC; COLMORE PROPERTIES, LP, a/k/a COLMORE PROPERTY LIMITED PARTNERSHIP; JACQUELINE RENEE FORGEY, individually and as personal representative of Douglas Forgey and as natural guardian for Amanda N. Forgey and Aryn P. Forgey, and MONTANA UNINSURED EMPLOYER'S FUND,<br><br>      Defendants,<br>_____<br><br>RUPERT M. COLMORE, III, a/k/a RUPERT M. COLMORE, a/k/a RUPERT COLMORE, EUNICE R. COLMORE; COLMORE MANAGEMENT COMPANY, LLC; and COLMORE PROPERTIES, LP, a/k/a COLMORE PROPERTY LIMITED PARTNERSHIP,<br><br>      Third-Party Plaintiffs,<br><br>   v.<br>CRICHTON, PERRY, BRANDON, JACKSON & WARD, INC., a/k/a THE | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Cause No. CV 05-122-BLG-RWA<br><br>**FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

```
CRICHTON-PERRY-BRANDON COMPANY,     )
INC., a Tennessee Corporation,      )
                                    )
          Third-Party Defendants.   )
_____ )
                                    )
ROYAL INDEMNITY COMPANY, as         )
successor in interest to ROYAL      )
INSURANCE COMPANY OF AMERICA, a     )
Delaware Corporation,               )
                                    )
          Plaintiff, Third-Party    )
          Plaintiff on              )
          Counterclaim,             )
                                    )
     v.                             )
                                    )
STATE FARM FIRE AND CASUALTY        )
COMPANY,                            )
                                    )
          Third-Party Defendant.    )
_____ )
```

Pending before the Court is State Farm Fire and Casualty's motion to dismiss Count IV of the third-party complaint filed by Royal Indemnity Company. Having considered the briefs of the parties, the undersigned issues the following findings and recommendations.

## BACKGROUND

On September 14, 2000, Douglas Forgey was killed when he became entangled in a posthole digger while installing fenceposts for the Colmore defendants. Forgey's widow, Jacqueline Renee Forgey, as personal representative of his estate, filed a workers' compensation claim for death benefits, which the Colmores contested, but lost, *Colmore v. Uninsured Employers Fund*, 121 P.3d 1007 (Mont. 2005). Mrs. Forgey also filed a wrongful death and survival action in this Court, *Forgey v. Colmore*, Cause No. CV 03-

131-BLG-RWA (hereinafter the *Forgey* action).

The Colmores had primary insurance with State Farm under a homeowners policy that provided liability limits of $500,000.  The Colmores also had an umbrella liability policy with Royal that provided liability limits of $5 million.

State Farm assumed the defense of both the workers' compensation proceedings and the *Forgey* action.  According to Royal's third-party complaint, the Forgey estate offered to settle their claims for State Farm policy limits in February 2002, but State Farm refused.  Later, the complaint alleges, State Farm settled the claims against Eunice Colmore and the Colmore business entities for $750,000.  The claims against Rupert Colmore remained outstanding and were later settled on the second day of trial.[1]

In the meantime, the Colmores requested that Royal provide indemnity and a defense for the claims in the *Forgey* action.  Royal denied the request.  Instead it filed this action in which it seeks a declaration that there is no coverage for the Colmores under its umbrella policy.  The Colmores responded with a counterclaim for a declaratory judgment that Royal was obligated to defend and indemnify them in the *Forgey* action.

Royal then filed a third-party complaint against State Farm, asserting four causes of action.  The first two seek declarations that Royal had no duty to defend the wrongful death lawsuit, indemnify the Colmores, or reimburse State Farm for defense costs

---

[1]The Court takes judicial notice of this fact.

and amounts paid to settle claims against the Colmores.  The third
cause of action asserts a claim of equitable subrogation, in which
Royal contends that State Farm owed Royal a duty of good faith
which was equal to the duty owed to the Colmores and that, if Royal
is obligated to extend coverage to the Colmores, Royal is entitled
to recover damages from State Farm for any amounts it is obliged to
pay toward the defense or settlement of the underlying claims due
to State Farm's wrongful refusal to settle within the limits of its
policy.  The fourth claim asserts that State Farm negligently
failed to settle the wrongful death lawsuit within the limits of
State Farm's policy.  It is this fourth claim that is the subject
of State Farm's motion to dismiss.

## DISCUSSION

A motion to dismiss for failure to state a claim pursuant to
Rule 12(b)(6), Fed.R.Civ.P., should not be granted unless it
appears beyond doubt that plaintiff can prove no set of facts that
would entitle him to relief.  *Steckman v. Hart Brewing, Inc.*, 143
F.3d 1293, 1295 (9th Cir. 1998).  In reviewing a 12(b)(6) motion,
the allegations in the complaint are taken as true and are
construed in the light most favorable to the plaintiff.  *Johnson v.
Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997).  Dismissal is proper
if the complaint so construed states no cognizable legal theory.
*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

The fourth cause of action that is in issue in the motion to
dismiss alleges that State Farm, as the primary insurer, owed

Royal, the excess insurer, a duty of good faith and fair dealing that arose out of State Farm's insurance contract with the Colmores.  The claim further alleges that State Farm owed both the Colmores and Royal a fiduciary duty to consider the interests of its insured and the excess carrier when evaluating settlement offers.  The claim asserts that State Farm breached its duties by negligently failing to settle within its policy limits.

Royal's fourth cause of action differs from the third in that the third is predicated on the theory of equitable subrogation. Under that theory, Royal, as the excess carrier, steps into the shoes of the Colmores, the insureds, so as to be entitled to maintain the same claims against State Farm, the primary carrier, as could be maintained by the insured.  *St. Paul Fire & Marine Ins. Co. v. Allstate Ins. Co.*, 847 P.2d 705, 708-09 (Mont. 1993).  The rights of an insurer under the theory of equitable subrogation are derivative only.  *Nimmick v. State Farm Mut. Auto Ins. Co.*, 891 P.2d 1154, 1159 (Mont. 1995).  Accordingly, an insurer that is equitably subrogated to the rights of its insured is accorded no greater rights than those of its insured.  *St. Paul v. Allstate,* 847 P.2d at 709.

The fourth cause of action, on the other hand, is based upon a direct duty theory, that is, that a primary carrier has independent duties to the excess carrier, separate and apart from the duties the primary carrier owes to the insured, the breach of which gives rise to a claim for breach of the covenant of good

-5-

faith and fair dealing.[2]   The question is whether Montana recognizes this direct duty theory.  Because no Montana case has specifically ruled on this issue, it is the job of this Court, sitting in diversity, to predict how the Montana Supreme Court would rule.  *Guaranty Nat'l Ins. Co. v. American Motorists Ins. Co.*, 758 F.Supp. 1394, 1395 (D. Mont. 1991), *aff'd*, 981 F.2d 1108 (9th Cir. 1992).

The Court finds that the Montana Supreme Court would refuse to adopt the direct duty theory.  First, although the Montana Supreme Court has issued no opinions squarely addressing this issue, it impliedly rejected the theory in *St. Paul v. Allstate*, 847 P.2d at 708-09, where the court found merit in St. Paul's argument for equitable subrogation but noted that St. Paul had presented no authority supporting the contention that a primary insurer owed an independent duty to an excess insurer.

Second, the duty to settle is a fiduciary duty running from the insurer to the insured by virtue of their contractual relationship.  *Klaudt v. Flink*, 658 P.2d 1065, 1066 (Mont. 1983). No similar contractual relationship exists between an excess and a primary insurer.  To imply the legal fiction of such a relationship would place the primary insurer in a potentially impossible

---

[2]State Farm contends that Royal's fourth claim fails to assert a direct duty claim.  The Court agrees that it is not altogether clear upon what theory Royal bases its fourth cause of action. Nevertheless, construing the complaint in the light most favorable to Royal, the Court finds that the fourth claim is predicated on a direct duty theory.

conflict of interest, as the interests of the insured may not always be identical with the interests of the excess carrier.

Furthermore, there is no need to create such a duty. Under the doctrine of equitable subrogation, which is not dependent upon a contractual relationship, an excess insurer may obtain relief from the primary insurer for its allegedly unreasonable failure to settle. *See, e.g., St. Paul v. Allstate*, 847 P.2d at 709; *Guaranty Nat'l Ins. Co. v. State Farm Ins. Co.*, 777 P.2d 353, 356 (Mont. 1989). Thus, the refusal to recognize an independent duty does not leave the excess carrier without a remedy. It is simply that the remedy is based upon the equitable theory of subrogation.

State Farm contends that, under the doctrine of equitable subrogation, Royal cannot state a claim under Montana law for bad faith or negligent failure to settle. State Farm's argument relies on the Montana Unfair Trade Practices Act (UTPA), §§ 33-18-101, MCA, *et seq.*, which regulates the insurance industry in Montana. Under the UTPA, a first-party insured's claims against an insurer for claims handling practices are limited to breach of the UTPA, breach of contract, or fraud. Section 33-18-242(3), MCA.[3] The

---

[3]Section 33-18-242(3), MCA, provides:

An insured who has suffered damages as a result of the handling of an insurance claim may bring an action against the insurer for breach of the insurance contract, for fraud, or pursuant to this section, but not under any other theory or cause of action. An insured may not bring an action for bad faith in connection with the handling of an insurance claim.

-7-

UTPA explicitly prohibits "any other theory or cause of action." *Id.* State Farm contends that Royal, as an excess insurer, should similarly be limited to the causes of action allowed under the UTPA, as Royal should receive no greater rights than the Colmores. The Court agrees.

As noted previously, the right of subrogation is derivative. "[T]he insurer succeeds only to the rights of the insured, and no new cause of action is created." *Nimmick*, 891 P.2d at 1159 (quoting *St. Paul Fire & Marine v. Glassing*, 887 P.2d 218, 220-21 (Mont. 1994)).

Consequently, Royal cannot assert claims against State Farm that the Colmores could not assert against the primary insurer. Just as the Colmores are precluded under the UTPA from stating claims of common law bad faith or negligent settlement practices, so too is Royal.

Regardless whether Royal's fourth cause of action is based on a direct duty theory or the doctrine of equitable subrogation, it does not state a claim under Montana law. Accordingly, the cause of action must be dismissed.

## RECOMMENDATION

In accordance with the foregoing, the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), **RECOMMENDS** that State Farm's motion to dismiss (doc. 21) be granted

and that the fourth cause of action in Royal's third-party complaint be dismissed.

Under 28 U.S.C. § 636(b)(1) and Rule 72(b), Fed.R.Civ.P., the parties may serve and file written objections to this recommendation within 10 days of receipt thereof.

DONE and DATED this ___14th___ day of July, 2006.

/s/ Richard W. Anderson
RICHARD W. ANDERSON
UNITED STATES MAGISTRATE JUDGE